IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HEATHER NEISEN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:24-cv-01398 |
| | ) Judge Trauger |
| JUDGE BONITA JO ATWOOD, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Heather Neisen, a Tennessee resident proceeding pro se, filed a "Complaint for Damages" against Rutherford County Circuit Court Judge Bonita Jo Atwood, invoking this court's federal-question and supplemental jurisdiction. (Doc. No. 1.) The plaintiff filed a motion to proceed in forma pauperis (IFP) (Doc. No. 2) and two motions for the court to declare the defendant in default. (Doc. Nos. 6, 8.) Then, on May 9, 2025, she amended her Complaint. (Doc. No. 9.) Four additional motions related to the defendant's default followed. (Doc. Nos. 11–14.) Finally, on June 17, 2025, the plaintiff filed an "Emergency Motion for Temporary Restraining Order and Preliminary Injunction Pursuant to Rule 65" (Doc. No. 15), asking the court to "prohibit[] any judicial officer or designee from enforcing or executing" the "prior orders" of "former presiding Judge Bonita Jo Atwood" (*id.* at 1) during the plaintiff's "pending further proceedings." (*Id.* at 2.)

### I. MOTION TO PROCEED IFP

The plaintiff's IFP motion does not itemize her monthly expenses, but merely states that they "currently exceed [her] household income" of "approximately $3,214.00 monthly," which comes entirely from her spouse as the plaintiff is "currently unemployed and engaged in a debt

consolidation program." (Doc. No. 2 at 1.) This would not ordinarily be a sufficient showing of the details of the plaintiff's financial condition to allow a determination of her ability to pay the full civil filing fee "without undue hardship." *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). However, in light of the circumstances of this case (including the plaintiff's emergency request to enjoin ongoing proceedings in state court), the court in its discretion will provisionally **GRANT** pauper status and proceed to evaluate the Amended Complaint and the plaintiff's other filings.

## II. MOTIONS RELATED TO DEFAULT

Although the plaintiff represents that she served the defendant with a copy of the original Complaint (Doc. No. 7 at 1; Doc. No. 10 at 1), there is no indication on the record of this case that the Clerk of Court has been presented with a summons for signature and seal, or that the defendant has waived service of a summons. *See* Fed. R. Civ. P. 4(b), (d). For a defendant to be properly served and subject to the court's jurisdiction, Rule 4 of the Federal Rules of Civil Procedure requires service of a summons "signed by the clerk" and "bear[ing] the court's seal," Fed. R. Civ. P. (a)(1)(F), (G), along with service of a copy of the operative complaint. Fed. R. Civ. P. 4(c)(1). Absent proper service, the defendant's default cannot be established. *Greentree Fin. Grp., Inc. v. World Nation Live Ent. Inc.*, No. 2:16-CV-00972-GMN-NJK, 2016 WL 10930992, at *1 (D. Nev. July 6, 2016). Accordingly, the plaintiff's motions related to default (Doc. Nos. 6, 8, 11, 12, 13, and 14) are **DENIED**.

## III. INITIAL REVIEW

The court must conduct an initial review and dismiss the Amended Complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also*

*Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e)."). The Amended Complaint is filed under 42 U.S.C. § 1983 and seeks damages against the defendant who, "at all relevant times, was acting under color of law in her official capacity as a judge in Rutherford County, Tennessee." (Doc. No. 9 at 1.) The plaintiff alleges that the defendant "engaged in judicial misconduct by making false statements and misrepresentations in court orders," "omitted critical evidence supporting Plaintiff's case," wrongfully removed the plaintiff's children from her custody, allowed the plaintiff to be "wrongfully incarcerated on April 20, 2023, without due process," and "engaged in ex parte communications with attorneys involved in the case." (*Id.* at 1–2.) The plaintiff claims that these actions deprived her of her rights to due process and equal protection. (*Id.* at 3.) She asserts that the defendant's actions were outrageous, indecent, intentional, reckless, extreme, and uncivilized (*id.* at 2), and that she "failed to accommodate Plaintiff's disabilities as required under the ADA" and "engaged in a pattern of racketeering activity, including fraud and extortion, in violation of the RICO Act." (*Id.* at 3.) In addition to damages, the Amended Complaint requests "[i]njunctive relief restoring custody and family unity." (*Id.*)[1]

      This action must be dismissed for three reasons. First, the allegations of the Amended Complaint are entirely conclusory. The rules governing pleading in federal court require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But that short and plain statement must be supported by "sufficient factual matter, accepted as true," to make the claimed right to relief not just possible, but plausible. *Hill v. Lappin*,

---

[1] The court notes that the plaintiff has filed other cases in this court against the defendant, seeking damages in *Neisen v. Atwood*, No. 3:24-cv-00732 (dismissed without prejudice on Oct. 21, 2024), and the return of her children to her custody in *Neisen and minor children (C.R., K.R., M.R.) v. Atwood*, No. 3:24-cv-01008 (dismissed without prejudice on June 3, 2025).

3

630 F.3d 468, 470–71 (6th Cir. 2010). This standard does not require *detailed* factual allegations, but it does require "more than labels[,] conclusions, [or] a formulaic recitation" of the elements of a cause of action. *Ryan v. Blackwell*, 979 F.3d 519, 524 (6th Cir. 2020) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Without factual allegations to support a plaintiff's legal conclusions (such as, in this case, the conclusions that the defendant acted in ways that were "wrongful," made unspecified statements described simply as "false," violated the ADA, RICO, and due process in unspecified ways, etc.), the court is unable to determine the viability of the claims asserted.

Second, even if the Amended Complaint contained additional factual detail supporting its conclusory assertions of wrongful conduct, its damages claims cannot overcome the defendant's judicial immunity. "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). "Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Id.* (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (finding that judicial immunity "applies even when the judge is accused of acting maliciously and corruptly[,] . . . not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." (citation and internal quotation marks omitted))). "This immunity is absolute: all of a judge's actions taken in an official judicial capacity are immune from suit." *Morgan v. Bd. of Pro. Resp. of the Supreme Ct. of Tennessee*, 63 F.4th 510, 518 (6th Cir. 2023). Indeed, such immunity can be overcome in only two circumstances: (1) when the judge's injurious actions were not taken in her judicial capacity, or (2) when her actions were

4

Case 3:24-cv-01398   Document 17   Filed 06/25/25   Page 4 of 7 PageID #: 58

taken in the complete absence of all jurisdiction. *King v. McCree*, 573 F. App'x 430, 438 & n.5 (6th Cir. 2014) (citing *Mireles*, 502 U.S. at 12)).

The Amended Complaint provides no basis for finding that Judge Atwood's allegedly wrongful actions were taken in anything other than her judicial capacity,[2] whether from the bench or otherwise in connection with the case pending before her. The actions in question involved her statements in court orders, her evidentiary rulings, her orders related to child custody, her allowance for the plaintiff's incarceration on a particular day,[3] and her communications about the case with attorneys involved in the case—all of which are "acts normally performed by judges" at the trial court level, undertaken by the defendant in her role as the judge presiding over the plaintiff's circuit court case. *Id.* at 439–40. The Rutherford County Circuit Court is a court of general jurisdiction which routinely hears and decides matters related to child custody and other domestic relations. *See* https://www.tncourts.gov/courts/circuit-criminal-chancery-courts/about (last visited June 18, 2025); https://rutherfordcountytn.gov/circuit-civil (last visited June 18, 2025). Even if Judge Atwood, in adjudicating such matters, acted toward the plaintiff as the Amended Complaint claims—in ways that were ill-motivated or in violation of applicable standards of judicial conduct (Doc. No. 9 at 3)—the actions attributed to her were nevertheless "integral or intertwined with the judicial process." *Morgan*, 63 F.4th at 518. She is therefore immune from this suit for damages allegedly caused by her judicial acts.

The rule of judicial immunity "recognizes that the appeals process—not a lawsuit against

---

[2] Indeed, the Amended Complaint explicitly alleges that she was acting "in her official capacity as a judge in Rutherford County, Tennessee" at all relevant times. (Doc. No. 9 at 1.)

[3] The Amended Complaint merely alleges that "Plaintiff was wrongfully incarcerated on April 20, 2023, without due process, causing significant harm and distress." (Doc. No. 9 at 2.) The plaintiff does not specify Judge Atwood's involvement with her incarceration on that day.

5

the judge—is the appropriate vehicle for correcting judicial error." *Phillips v. Henderson*, No. 2:24-CV-00859-JAD-BNW, 2024 WL 4104190, at *2 (D. Nev. Sept. 6, 2024) (citing *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002)). As suggested by her motion for emergency injunctive relief from other "judicial officer[s]" enforcing Judge Atwood's "prior orders" during "pending further proceedings" (Doc. No. 15 at 1–2), the plaintiff has such an appeal currently pending in the Tennessee Court of Appeals, where she is represented by counsel.[4] *See Neisen v. Rohmfeld*, No. M2024-00784-COA-R3-CV, (Tenn. Ct. App.) (appealing the decision of Judge Atwood in case number 18CV-1946).[5] Insofar as the Amended Complaint seeks injunctive relief, it invites federal interference into those ongoing proceedings related to child custody—whether by adjudicating Judge Atwood's liability for misconduct and "restoring custody" as a remedy (Doc. No. 9 at 3), or by manipulating the outcome of the appellate proceedings through an injunction preventing "[a]ll judicial officers" from applying Judge Atwood's prior rulings against the plaintiff. (Doc. No. 15-1 at 1.) Accordingly, the interest in federal-state comity provides the third reason for dismissing this action.

Where state proceedings related to custody, termination of parental rights, and other domestic-relations obligations are ongoing, the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971), "prevents the district court from ruling [on related requests for relief] because the proceeding implicates important state interests and [the plaintiff] has an adequate opportunity to raise [her] challenges" in state court. *Bodell v. McDonald*, 4 F. App'x 276, 279 (6th Cir. 2001) (citing *O'Shea v. Littleton*, 414 U.S. 488, 499–504 (1974)); *see also Evans v. Hepworth*,

---

[4] "[F]ederal courts may take judicial notice of proceedings in other courts of record." *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999) (quoting *Granader v. Pub. Bank*, 417 F.2d 75, 82–83 (6th Cir. 1969)); *see also* Fed. R. Evid. 201 (allowing judicial notice of adjudicative facts at any stage of the proceedings).

[5] https://pch.tncourts.gov/CaseDetails.aspx?id=89401&Party=True (last visited June 18, 2025).

433 F. Supp. 3d 1171, 1180 (D. Idaho 2020) ("[T]here is perhaps no state administrative scheme in which federal court intrusions are less appropriate than domestic relations law.") (quoting *DuBroff v. DuBroff*, 833 F.2d 557, 561 (5th Cir. 1987), and citing other circuit-court cases). Accordingly, to the extent that this case presents a viable claim to equitable relief not precluded by judicial immunity, it must be dismissed on abstention grounds.

## IV. CONCLUSION

As stated above, the plaintiff's motions related to default (Doc. Nos. 6, 8, 11, 12, 13, and 14) are **DENIED**. This action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii), for failure to state any viable damages claim against a non-immune defendant, and because the court must abstain from exercising its equitable jurisdiction while related state appellate proceedings are ongoing.

In light of this outcome, the plaintiff's "Emergency Motion for Temporary Restraining Order and Preliminary Injunction Pursuant to Rule 65" (Doc. No. 15) is **DENIED** as moot.

The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge